IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 10-70013-M-11 |
| LANDMARK VALLEY HOMES, INC. | § | |
|    DEBTOR | § | CHAPTER 11 CASE |

**EMERGENCY MOTION FOR USE OF CASH COLLATERAL, REQUEST FOR TEMPORARY RELIEF AND REQUESTING A FURTHER HEARING**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTIONS SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**<u>NOTE: DEBTOR WILL ATTEMPT TO OBTAIN AN EMERGENCY TELEPHONIC HEARING FOR JANUARY 5, 2009 AT 9:00 A.M., IN CORPUS CHRISTI, TEXAS.</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    NOW COMES LANDMARK VALLEY HOMES, INC., Debtor-in-Possession (hereinafter "Debtor"), and files this its Emergency Motion for Use of Cash Collateral, Request for Temporary Relief and Requesting a Further Hearing, pursuant to 11 U.S.C. § 363 (c)(2), and would show unto the Court as follows:

## I. INTRODUCTION

1.1     Debtor filed its Voluntary Petition for Relief on the 4th day of January, 2010, initiating this case under Chapter 11 of the Bankruptcy Code. Debtor continues to act as Debtor-in-Possession pursuant to Bankruptcy Code § 1107 and 1108.

## II. BACKGROUND

2.1     Prior to the commencement of these proceeding, the Debtor was engaged, and is currently engaged, as the owner and operator of residential construction/real estate development business. Debtor's business includes inventory of unsold homes and lots which are believed to be subject to security interests and liens granted by Debtor to Inter National Bank (" INB") and to Wachovia ("Wachovia") hereafter sometimes "Lenders". INB is owed approximately $11,848,877.00 and Wachovia is owed approximately $5,291,134.00. INB and Wachovia each have separate collateral packages consisting of homes, lots and development tracts. The sale proceeds and accounts generated in the ordinary course of business constitute cash collateral as that term is used in the Bankruptcy Code.

## III. ARGUMENT AND AUTHORITIES

3.1     Pursuant to 11 U.S.C. § 363 (c)(2), the Debtor may not use, sell, or lease cash collateral under Paragraph 1 of this subsection unless:

   A.     Each entity that has an interest in such cash collateral consents; or,

   B.     The Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

3.2     Debtor's current business is operating a residential construction/real estate

   development business requiring payment on a regular basis of certain operating expenses. Said expenses include, but are not limited to employee salaries, payroll taxes, lease payments, maintenance, insurance, utilities, vehicle expense, telecommunications, suppliers, and other typical administrative overhead expenses related to operations of residential construction/real estate development business.  Debtor submits that its operating budget attached hereto as **Exhibit "A"** is a representation of expenses which will be incurred by Debtor in the ordinary course operation of its business between the petition date and January 27, 2010 when a hearing can be held. Debtor further submits that if it does not pay necessary ordinary course expenses, the business may lose employees, lose necessary services for operations, each constituting immediate and irreparable harm to the estate.

3.3 Debtor's use of cash collateral is required in order to enable Debtor to propose a successful plan of reorganization and to continue in business. Debtor has no adequate alternative sources of cash available.

3.4 Debtor's use of cash collateral will provide adequate protection to Lenders by maintaining the on-going business of the Debtor and maintaining or improving the cash flow of the Debtor. Debtor will provide continuing post-petition liens to the Lenders to the extent Lenders have valid pre-petition security interests in cash collateral. Debtor will also provide adequate protection by maintaining the properties, maintaining insurance and paying necessary operational expenses.

### IV. INTERIM/TEMPORARY RELIEF

4.1 Debtor requires an emergency order on the use of Cash Collateral. Pursuant to 11

U.S.C. § 362 (d), the Court shall act promptly on any request made pursuant to 11 U.S.C. § 362 (c)(2). Debtor requires immediate temporary relief authorizing use of cash collateral until such time as a Final Order is entered regarding use of cash collateral.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, upon notice and hearing, Debtor respectfully requests that:

5.1   This Court authorize Debtor's use of cash collateral pursuant to 11 U.S.C. § 363 (c)(2);

5.2   This Court conduct a prompt hearing on the Emergency Motion for Use of Cash Collateral, wherein the Court authorizes continued use of cash collateral subject to a final hearing after notice to all creditors and parties in interest; and,

5.3   To provide such other and further relief, at law and in equity, to which Debtor is justly entitled.

Dated this 4th day of January, 2010.                Respectfully Submitted,
                                                    ***Cardenas, Whitis & Stephen, LLP***

                                                    By:  __/S/KURT STEPHEN__
                                                         Kurt Stephen
                                                         Attorney for Debtor
                                                         State Bar No: 19147500
                                                         100 South Bicentennial
                                                         McAllen, Texas 78501
                                                         (956) 631-3381- Telephone
                                                         (956) 687-5542- Facsimile

Certificate of Service

I hereby certify that on this 4th day of January, 2010 a true and correct copy of the foregoing was forwarded to all parties as shown below:

The following parties were served by facsimile:

***Via Facsimile No. (713) 225-2340***
Christina M. Putman
Seyfarth & Shaw, LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002

***Via Facsimile No. (956) 668-9159***
Michael J. Daley, PLLC
The Law Office of Michael J. Daley, PLLC
1801 S. 2nd Street, Suite 370
McAllen, Texas 78503

                                                            /S/KURT STEPHEN
                                                            Kurt Stephen